IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 105,643

JAMES BECKER and the ESTATE OF NORMAN BECKER, Deceased,
by and through WILLIAM BECKER, Special Administrator,
*Appellants*,

v.

HAROLD KNOLL,
*Appellee.*


SYLLABUS BY THE COURT

1.

"Clear and satisfactory" evidence is equivalent in meaning to "clear and convincing" evidence. Clear and convincing evidence is evidence that shows that the truth of the asserted facts is highly probable.


2.

The clear-and-convincing standard is an intermediate standard of proof between a preponderance of the evidence and proof beyond a reasonable doubt.


3.

When reviewing a ruling that a district court based on a clear and convincing evidence standard, an appellate court reviews all of the evidence in the light most favorable to the party bearing the burden of proof and will not reverse if the appellate court is convinced that a rational factfinder could have found the factual conclusions to be highly probable. In making that determination, the appellate court does not weigh conflicting evidence, judge the credibility of witnesses, or redetermine questions of fact.

1

4.

The failure to produce evidence peculiarly within the knowledge or control of a party may create a rebuttable inference that the concealed information is unfavorable to the party.

5.

Not all recordkeeping lapses are indicative of bad faith. The weight of the rebuttable inference depends upon the totality of relevant circumstances, including what other evidence is available.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 3, 2012. Appeal from Finney District Court; PHILIP C. VIEUX, judge. Opinion filed January 30, 2015. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

*Philip Ridenour*, of Martindell Swearer Shaffer Ridenour LLP, of Cimarron, argued the cause and was on the briefs for appellants.

*Gerald O. Schultz*, of Schultz Law Office, P.A., of Garden City, argued the cause, and *Charles E. Owen, II*, of Charles E. Owen, II, P.A., of Garden City, was on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: This appeal involves an action by shareholders in a Kansas irrigation corporation against the president of the corporation, alleging breach of a fiduciary duty and seeking removal of the president as an officer and director. On review of an unpublished Court of Appeals opinion, this court is asked to determine whether the district court properly applied the appropriate legal standard following remand from this court in 2010.

The facts underlying this action are set out in our earlier opinion. See *Becker v. Knoll*, 291 Kan. 204, 205-06, 239 P.3d 830 (2010) (*Becker I*).

In *Becker I*, this court affirmed the Court of Appeals determination that the plaintiffs had made a prima facie case but reversed on the question of whether the facts supported judgment for the defendant. Holding that the courts below had applied incorrect legal standards, this court remanded the case to the district court so that it could reapply the law to the facts before it on the record. 291 Kan. at 210-13.

On remand, the district court again ruled for the defendant. The court held that Knoll engaged in no self-dealing, no misfeasance, and no malfeasance to the detriment of the corporation. The plaintiffs again appealed to the Court of Appeals.

The Court of Appeals reversed, holding that Knoll's failure to maintain employment records undermined his position to such an extent that, as a matter of law, he acted in bad faith. *Becker v. Knoll*, No. 105,643, 2012 WL 3171797, at *5 (Kan. App. 2012) (unpublished opinion) (*Becker II*). The Court of Appeals remanded the case to the district court for determination of damages.

This court granted Knoll's petition for review. Before us is the question of whether the district court committed reversible error in holding that Knoll sustained his burden of proving good faith.

The standard of review lies at the crux of this appeal. Whether the district court properly applied the law to the facts is a question of law subject to de novo review. *Becker I*, 291 Kan. at 212.

On review, this court will determine whether clear and satisfactory evidence supported a finding that Knoll acted in fairness and good faith to the corporation. *Becker I*, 291 Kan. at 207. "Clear and satisfactory" evidence is equivalent in meaning to "clear and convincing" evidence. *In re Estate of Shirk*, 194 Kan. 424, 428, 399 P.2d 850 (1965); see *In re B.D.-Y.*, 286 Kan. 686, 700, 187 P.3d 594 (2008); *Ortega v. IBP, Inc.*, 255 Kan. 513, 519, 874 P.2d 1188 (1994), *disapproved on other grounds by In re B.D.-Y.*, 286 Kan. at 696-97. Clear and convincing evidence is evidence that shows that the truth of the asserted facts is highly probable. *B.D.-Y.*, 286 Kan. at 696. It is an intermediate standard of proof between a preponderance of the evidence and proof beyond a reasonable doubt. 286 Kan. 686, Syl. ¶ 2.

When reviewing a ruling that a district court based on a clear and convincing evidence standard, an appellate court reviews all of the evidence in the light most favorable to the party bearing the burden of proof and will not reverse if the appellate court is convinced that a rational factfinder could have found the factual conclusions to be highly probable. *In re Swanson*, 288 Kan. 185, 186, 200 P.3d 1205 (2009). In making that determination, the appellate court does not weigh conflicting evidence, judge the credibility of witnesses, or redetermine questions of fact. 288 Kan. at 186.

In *Becker I*, this court held that the standard for an appellate court in reviewing whether a plaintiff has presented a prima facie case is de novo. 291 Kan. 204, Syl. ¶ 1. Once this court determined that the plaintiffs had presented a prima facie case, it held that a prima facie case shifted the burden of proof to the defendant. 291 Kan. at 209-11. This court then criticized the review exercised by the Court of Appeals. The Court of Appeals had held that defendant provided sufficient evidence to rebut allegations of impropriety. This court rejected that analysis because the burden was on the defendant Knoll, not to rebut allegations of impropriety but to prove through substantial evidence that he did not engage in unfair self-dealing as president of the corporation. 291 Kan. at 211-13.

4

On remand, the district court did not receive new evidence but engaged in a different analysis of the facts than it had in its earlier decision. The court explicitly stated that it was applying the clear and satisfactory standard to the burden that the law places on Knoll: "The evidence giving rise to the facts as set forth below was clear, cogent and beyond a mere preponderance of the evidence as well as possessing the character of being highly probably true."

The district court weighed the evidence as it related to five specific allegations of misconduct on Knoll's part and concluded that Knoll had sustained his burden of proving that he did not engage in misconduct. Although the district court did not explicitly find that Knoll acted in good faith and fairness, that conclusion is made evident from the court's analytic process and from its statements regarding the burdens on the parties.

First, the court examined the evidence relating to work that Leonard Morehouse performed for Knoll and the alleged neglect of Morehouse's duties to the corporation. Morehouse was the ditch rider employed by the corporation from March 1998 through March 2003 to maintain the ditches and canals for the shareholders. The plaintiffs claimed that Morehouse worked privately for Knoll on corporation time and was derelict in performing duties for the corporation. The district court rejected this claim. It relied heavily on Morehouse's testimony that he usually worked at least 40 hours a week for the corporation and sometimes more. The court explicitly noted that it found Morehouse to be a highly credible witness. The court also determined that the ditches were properly cared for, which the court took as evidence tending to support Morehouse's and Knoll's testimony that Morehouse worked the required number of hours. The court acknowledged that Knoll had failed to keep records of Morehouse's working hours but decided that other evidence was sufficiently clear and convincing to conclude that Morehouse worked at least 40 hours a week for the corporation. The court determined that it was "highly

probably true that the defendant did not misuse the services of a corporate employee and did not thereby neglect the assets of the corporation."

The district court next examined whether Knoll misused corporate funds because Knoll's children received checks from the corporation without performing work for the corporation. The court found it persuasive that Knoll had presented to the board of directors a bill for spraying and mowing that he did and that the board approved making the checks out to Knoll's children in compensation for work that they had done.

The court then considered whether Knoll misused corporate equipment when he allowed a mower belonging to the corporation to be used to mow a pasture belonging to a farmer with land adjacent to the corporation's shop. The court found that the farmer exchanged well water that he supplied to the shop in exchange for the mowing service and that the use of the mower was in the best interests of the corporation.

Finally, the court examined the claim that the plaintiffs had demonstrated neglect by showing that flooding occurred on land managed, but not owned, by one of the plaintiffs. The court found that the land was not the property of a corporate shareholder and therefore Knoll owed the landowner no duty of care. The court further found that the land was served by a drainage ditch not maintained by the corporation. The court concluded that Knoll acted properly and had proved that he was not responsible for damages to the shareholders.

Having considered the evidence both for the plaintiffs and for the defendant, the district court ruled:

6

"[I]t has been shown by clear and satisfactory evidence that there was no self-dealing, no assertion of self-interest, no misfeasance and no malfeasance on the part of the defendant, Harold Knoll, to the detriment of the Corporation or the defendants [*sic*]."

The Court of Appeals disagreed with the conclusions of the district court, initially challenging the district court's finding that there was clear and convincing evidence that Morehouse worked at least 40 hours a week. The Court of Appeals agreed with the plaintiffs, who argued that evidence that the ditches were adequately maintained is a "non sequitur." The Court of Appeals discounted the testimony of Morehouse and Knoll that Morehouse worked at least the required number of weekly hours and often more. *Becker II*, 2012 WL 3171797, at *3-4.

The Court of Appeals instead focused on Knoll's failure (or refusal) to maintain records of Morehouse's working time. The court based its reasoning on the proposition that the production of "'weak'" evidence when "'strong'" evidence is available must lead to the conclusion that the strong evidence would have been adverse to the party that failed to provide it. This "adverse inference rule" was extended by the Court of Appeals to include situations in which a party elects not to keep records; the failure to keep records, according to the Court of Appeals, creates an inference that the records, if maintained, would have undermined that party's case. 2012 WL 3171797, at *5.

The Court of Appeals thereupon concluded that Knoll had failed to sustain his burden of proving good faith:

"Knoll's failure to maintain employment records on Morehouse when he was required to do so renders an inference that if such records had been maintained, they would be unfavorable to Knoll. Because Knoll failed to present clear and satisfactory evidence that he acted in good faith and fairness to FCWUA, we reverse and remand . . . ." 2012 WL 3171797, at *5.

7

The task before us is to determine whether the district court satisfied the directions that it received on the original remand and whether the Court of Appeals properly applied the standard of review in its analysis. We conclude that the district court applied the correct standards, which were supported by the evidence, and that the Court of Appeals erroneously reversed the district court.

It is essential to keep in mind the standards of review. Although the application of the law to the factual findings is subject to de novo review, the factual findings themselves are reviewed in the light most favorable to the party bearing the burden of proof. They should not be reversed unless the appellate court is convinced that a rational factfinder could not have found the determination to be highly probable. *Swanson*, 288 Kan. at 186. In making that determination, the appellate court does not weigh conflicting evidence, judge the credibility of witnesses, or redetermine questions of fact. 288 Kan. at 186.

The Court of Appeals ignored the requirement that the findings be reviewed in the light most favorable to Knoll. Knoll provided direct and explicit testimony that Morehouse worked the required hours. Morehouse testified that he was required to work a minimum of a 40-hour workweek and often worked more than that. Knoll also testified that Morehouse worked 8-hour days and that he sometimes worked as many as 20 hours in a day.

In addition, Knoll provided testimony that the ditches were adequately maintained. The Court of Appeals treated that evidence as irrelevant, but it tended to lend some weight to the testimony that Morehouse was working as his contract demanded. Instead of deciding whether the evidence was sufficient to lead a rational factfinder to conclude

that it was highly probable that Morehouse performed his contractual duties, the Court of Appeals judged the credibility of the witnesses and redetermined questions of fact.

The Court of Appeals held that application of the adverse inference rule fatally undermined Knoll's case. 2012 WL 3171797, at *5. Although we do not reject the adverse inference rule, we note that it is a rule of weighing evidence, not a rule that forces parties to produce the best possible evidence or lose their case.

This court has held that the failure to produce certain kinds of evidence creates a rebuttable presumption adverse to the party that has unique control over that evidence: "Failure of a party to an action to throw light upon an issue peculiarly within his own knowledge or reach, raises a presumption that the concealed information is unfavorable to him. *The presumption, of course, is open to explanation*." (Emphasis added.) *Armstrong v. City of Salina*, 211 Kan. 333, 339, 507 P.2d 323 (1973). In *Citizens Fidelity Bank and Trust Co. v. Silber*, No. 92 Civ. 9515 (VLB), 1993 WL 525111, at *1 (S.D.N.Y. 1993) (unpublished opinion), the federal district court noted: "Not all recordkeeping lapses are indicative of bad faith [citations omitted). The weight of the inference depends upon the totality of relevant circumstances[,] including what other evidence is available."

In the present case, Knoll provided evidence that a rational factfinder could apply to overcome the inference that the missing written data would be adverse to him. The Court of Appeals rejected or ignored the explicit testimony that Morehouse worked far more than the required 40 hours a week. In so doing, the Court of Appeals may have implied that the adverse inference rule is an absolute rule:  Knoll's failure to keep hourly records constituted per se proof that Morehouse did not work the required number of hours and that Knoll acted in bad faith detrimental to the corporation. Or the Court of

9

Appeals may have reevaluated Knoll's and Morehouse's testimony and concluded that the testimony was inadequate to overcome the inference of bad faith.

Either approach is incorrect. The former analysis is wrong because the adverse inference rule establishes a method of supporting a claim, not a form of strict liability. The failure to produce a record under the party's control does not establish a breach of duty in itself. Knoll introduced substantial, credible evidence tending to show that he did not breach his duty. The latter analysis—which would be based on the quality of the evidence—is also wrong because it requires the appellate court to reweigh the evidence.

The testimony regarding the number of hours that Morehouse worked was quite explicit, and the district court explained why it found that evidence credible. The district court properly carried out the task assigned to it on remand, and the Court of Appeals applied an incorrect standard of review. The opinion of the Court of Appeals is reversed. The decision of the district court is affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone, of the Kansas Court of Appeals, was appointed to hear case No. 105,643 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals under the authority vested in the Supreme Court by K.S.A. 20-2616.